(No. 3588—

RAILWAY EXPRESS AGENCY, INCORPORATED, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 8, 1942.*

JOHN A. DILL, for claimant.

GEORGE F. BARRETT, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

From the stipulation of facts herein it appears:

1. That during the months of May and July, 1939, pursuant to proper authority, order and request, the claimant rendered express services to the respondent in connection with the shipment and transportation of "talking books" to and from the respondent's Illinois Visitation Home for Adult Blind at 1900 Marshall Boulevard, Chicago, Illinois, a charitable institution operated, maintained and conducted by the respondent through its Department of Public Welfare.

2. That the usual and customary charge for such services in accordance with the tariff rates then in effect was the sum of $18.49.

3. That claimant on June 19th and July 1, 1939, presented to respondent its invoices and bills covering said services but that through no fault or neglect upon the part of the claimant the same were not vouchered for payment prior to the lapse on September 30, 1939 of the appropriation from which said bills would have been properly payable, and for that reason no warrant has been issued claimant in payment of same.

4. That at the time said services were requested and rendered there was remaining unexpended in the appropriation from which the same were properly payable a balance sufficient to pay the same.

5. That claimant has not received the said $18.49 or any part thereof, and that no person, firm or corporation other than claimant has any interest in this claim.

We have held in numerous cases that where materials, services, or supplies have been properly furnished to the State, and a bill therefor has been submitted within a reasonable time, but the same was not approved and vouchered for payment before the lapse of the appropriation from which it is payable, without any fault or neglect on the part of the claimant, an award for the reasonable value of such materials, services or supplies will be made, where at the time the expenses were incurred there were sufficient funds re-

236

maining unexpended in the appropriation to pay for the same. *Rock Island Sand & Gravel Co.* vs. *State,* 8 C. C. R. 165; *Indian Motorcycle Co.* vs. *State,* 9 C. C. R. 526; *Wabash Telephone Company* vs. *State,* 11 C. C. R. 92.

This claim comes within the requirements above set forth. Award is therefore entered in favor of claimant in the sum of $18.49.